IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WILLIE ALLEN GOETZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 125-107 |
| ) | |
| TEKETA JESTER, Warden, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

**I.   BACKGROUND**

In July 2011, a Richmond County Superior Court jury convicted Petitioner of aggravated child molestation and two counts of child molestation, and Petitioner reports the trial court sentenced him to incarceration for life plus twenty years. (Doc. no. 1, p. 2.) Petitioner timely filed a motion for new trial on July 28, 2011, which the trial court denied on March 13, 2014.[1]  State v. Goetz, Case No. 2010RCCR01187 (Richmond Cnty. Sup. Ct. Aug. 31, 2010), available at https://www.augustaga.gov/421/Case-Management-Search

---

[1] In his petition, Petitioner reports he had an appeal denied in March 2014 by the Georgia Court of Appeals. (Doc. no. 1, p. 3.) However, as described, publicly available records reveal that Petitioner's motion for new trial was denied in March 2014, not his direct appeal in the Georgia Court of Appeals.

(select "I Agree"; follow "Criminal Search" hyperlink; then search "Goetz, Willie Allen") (last visited May 21, 2025), Ex. A attached; see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining a court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

Petitioner filed a motion for an out-of-time appeal on March 2, 2015, which the trial court granted on September 14, 2015. See Ex. A. Thereafter, on August 22, 2016, the Georgia Court of Appeals affirmed Petitioner's conviction, and the remittitur issued September 6, 2016. See Goetz v. State, No. A16A0794 (Ga. Ct. App. Aug. 22, 2016) (unpublished), available at https://www.gaappeals.us/ (select "Docket Search"; search "Goetz"; then select "Case Number: A16A0794") (last visited May 21, 2025), Ex. B attached. Petitioner does not report filing any additional direct appeal proceedings. (Doc. no. 1, pp. 3-4.)

On February 7, 2018, Petitioner filed a state petition for a writ of habeas corpus in the Superior Court of Baldwin County. See Baldwin Cnty. Sup. Ct. Web Docket, available at https://peachcourt.com/ (use "Case Search" by "Party Name," in Baldwin County Superior Court; then search for "Goetz, Wilce"; and open Goetz v. Bobbitt, SUCV2018048728, last visited May 21, 2025), Ex. C attached. The state habeas court denied relief in a written order filed on October 11, 2023. See Ex. C; see also (doc. no. 1, p. 3.) The Georgia Supreme Court dismissed Petitioner's application for a certificate of probable cause to appeal ("CPC") on July 16, 2024, because he did not timely file his CPC application despite receiving an extension until December 13, 2023. (See doc. no. 1-3, Goetz v. Bobbitt, No. S240504 (Ga. July 16, 2024).) Petitioner's CPC application was not received and docketed until December 21, 2023. (See doc. no. 1-3.)

Petitioner executed the instant federal habeas corpus petition on March 5, 2025, and the Clerk of Court in the Middle District of Georgia received and filed it on April 1, 2025. (Doc. no. 1, pp. 1, 9.)  United States District Judge Marc T. Treadwell transferred the petition to the Southern District of Georgia, which arrived in this District on May 7, 2025.  (See doc. nos. 4, 5, 6.)  In his petition, Petitioner raises twelve grounds asserting ineffective assistance of appellate and trial counsel, prosecutorial misconduct, and judicial misconduct.  (See doc. no. 1-1.)

## II.   DISCUSSION

### A.   The Petition Is Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires"); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken").

Following his trial, Petitioner timely filed a motion for a new trial, which tolled the time for filing a notice of appeal. See O.C.G.A. § 5-6-38(a) ("[W]hen a motion for new trial, . . . has been filed, the notice [of appeal] shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion."). The trial court denied the motion for new trial on March 13, 2014, and Petitioner did not file a notice of appeal following this denial within the applicable thirty-day window. See Ex. A.

Ordinarily, because Petitioner did not timely file a direct appeal, his conviction would have become "final" when the thirty-day period to appeal expired. See O.C.G.A. § 5-6-38(a). However, because Petitioner filed a motion for out-of-time appeal, which was ultimately granted, his conviction did not become "final" for § 2244(d)(1)(A) purposes until the conclusion of direct review for the re-opened appeal or the expiration of the time for seeking such review. See Jimenez v. Quarterman, 555 U.S. 113, 120 n.4 (2009) ("[W]here a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal."); Phillips v.

4

Warden, 908 F.3d 667, 674 n.5 (11th Cir. 2018) (noting a granted out-of-time appeal "would have 'restored the pendency of the direct appeal' such that Petitioner's conviction was 'no longer final'"); Crumpton v. Spinn, No. 7:22-CV-31, 2022 WL 22715826, at *2 (M.D. Ga. Sept. 28, 2022) ("[T]he granting of an out-of-time appeal renders a conviction nonfinal for the purposes of § 2244(d)(1)(A)."), *adopted by* 2022 WL 22715830 (M.D. Ga. Dec. 5, 2022).

Here, the Georgia Court of Appeals affirmed Petitioner's conviction on August 22, 2016.  See Ex. B.  Petitioner did not file a petition for a writ of certiorari to the Georgia Supreme Court to seek further review of this decision.  See Ex. B; (see generally doc. no. 1.) For a Georgia defendant who has his conviction affirmed on direct appeal by the Court of Appeals but does not petition for certiorari to the Georgia Supreme Court, the conviction becomes final when the twenty days to petition for certiorari expires without filing such a petition.  See Stubbs, 840 S.E.2d at 413 (citing Ga. Sup. Ct. R. 38(2)).  This is so because the United States Supreme Court does not allow filing for a writ of certiorari unless a judgment "has been entered by a state court of last resort."  Id. (citing U.S. Sup. Ct. R. 13.1).  As Petitioner did not seek a writ of certiorari from Georgia's Supreme Court, his convictions became final on September 12, 2016,[2] twenty days after the Court of Appeals affirmed his conviction.  See id. at 414-15.

Petitioner then had one year from the date his conviction became final to file his federal habeas corpus petition or take other action to toll the one-year limitations period.  The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other

---

[2] Because September 11, 2016, which is exactly twenty days after Petitioner's conviction was affirmed by the Georgia Court of Appeals, fell on a Sunday, Petitioner had until the following Monday, September 12, 2016, to file a writ of certiorari in the Georgia Supreme Court.

collateral review is pending in state court.  Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).

Here, based on the date his sentence became final, Petitioner had until September 12, 2017, to file his federal habeas corpus petition or take other action to toll the limitations period.  However, Petitioner did not attempt to obtain post-conviction relief until he filed his state habeas petition on February 7, 2018, which is 148 days *after* the AEDPA limitations period expired.  Therefore, the one-year limitations period for filing a federal petition had already expired by the time Petitioner filed for collateral relief in the state courts in 2018, meaning that no time period remained to be tolled.  See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll.  A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).  Thus, the instant petition executed on March 5 and filed on April 1, 2025, is untimely.

> **B.  The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above.  Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred.  Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408,

418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  McQuiggin, 569 U.S. at 394-95.

Here, Petitioner has not shown he satisfies the test for application of equitable tolling

7

or that a miscarriage of justice will occur if his claims are not considered. Petitioner has not shown extraordinary circumstances stood in his way and that he has been pursuing his rights diligently. To the contrary, Petitioner offers no argument on timeliness anywhere in his petition or attachments. (See generally doc. nos. 1, 1-1, 1-2, 1-3.)

Pretermitting any argument Petitioner was not aware of the federal statute of limitation, the Court notes the Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance about the law as [an] excuse[] for a failure to file in a timely fashion. As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'" Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (*per curiam*) (internal citations omitted); see also Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (rejecting ignorance of law, inefficiencies, or inconveniences as qualifying as extraordinary circumstances). Eleventh Circuit precedent is clear a petitioner in federal court seeking to invoke equitable tolling must explain "any independent efforts he made to determine when the relevant limitations period began to run." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (citation omitted), *opinion modified on rehr'g on other grounds*, 459 F.3d 1310 (11th Cir. 2006); Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005) (finding no basis for equitable tolling "especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline"). Petitioner does not argue, let alone provide any factual detail to support a finding, he made any efforts to determine when his federal statute of limitations began to run. In sum, Petitioner has not satisfied the "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*).

Nor has Petitioner shown a miscarriage of justice will occur if his claims are not

8

considered. Petitioner has not presented any evidence, much less new, reliable evidence, to show he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. Although Petitioner raises in his petition that "[p]*ro se* research and investigation have recently uncovered new arguments, citations, and case law that will provide more details and additional support" for his twelve grounds for relief, he does not present any new, reliable factual evidence demonstrating his innocence. (Doc. no. 1-1, pp. 1-6.) In other words, the information offered now concerning the validity of the conviction and alleged *legal* errors in the state proceedings does not constitute new and reliable *factual* evidence that would satisfy Petitioner's high burden to meet the requirements for application of the miscarriage of justice exception. See Bousley v. United States, 523 U.S. 614, 623 (1998) (emphasizing "actual innocence means factual innocence, not mere legal insufficiency").

For all of these reasons, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of May, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9