IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WILLIE ALLEN GOETZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     CV 125-107 |
| | ) |
| TEKETA JESTER, Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In lieu of objections, Petitioner filed a motion to stay and abey his federal case pending a ruling from the state habeas court on whether his "second and successive" state petition has been approved. (Doc. no. 12.) However, his arguments have no bearing on the timeliness of his federal habeas petition and do not alter the conclusion this case should be dismissed as untimely. See Phillips v. Ivey, No. 421CV01124, 2022 WL 10264527, at *17 (N.D. Ala. July 29, 2022) (recommending habeas petitioner's motion to stay and abey be denied as moot because habeas petition was untimely), *adopted by* 2022 WL 4595059 (N.D. Ala. Sept. 30, 2022). Because Petitioner's habeas corpus petition is time-barred for the reasons described by the Magistrate Judge, (see doc. no. 8), his motion to stay and abey the instant proceedings is **DENIED** as **MOOT**, (doc. no. 12).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DISMISSES** as untimely the instant petition, brought pursuant to 28 U.S.C. § 2254.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. <u>See</u> 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this ___14th___ day of August, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.